IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Case 1:11-CR-569 JRR |
| ROY CLAY | * | |
| Defendant | * | |
| | *** | |

## OPINION AND ORDER

The court has before it Defendant Roy Clay's Motion for Early Termination of Supervised Release.[1] (ECF No. 942; the "Motion.") The court has considered the parties' submissions. No hearing is necessary.

On October 14, 2015, a jury found Defendant Clay guilty of conspiracy to distribute and possess with intent to distribute one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 846 (count 1 of the Second Superseding Indictment). On December 18, 2015, the court (Hon. Catherine C. Blake, presiding) concluded that Defendant had a Criminal History Category of VI, an adjusted offense level of 37, and Career Offender status under the United States Sentencing Guidelines. The court sentenced Clay to 360 months (30 years) of incarceration followed by 10 years of supervised release. The Fourth Circuit affirmed following Clay's appeal. *United States v. Garcia*, 665 F. App'x 283, 288 (4th Cir. 2016); Judgment and Mandate at ECF Nos. 857 and 861, respectively.

Based on intervening changes in the law, including the First Step Act, 21 U.S.C. § 841, and further thorough review of the factors identified at 18 U.S.C. § 3553(a) and other applicable law, Judge Blake modified Clay's sentence to 15 years of incarceration (the statutory minimum

---

[1] This action was transferred to the undersigned judge on August 17, 2023.

sentence as modified by the First Step Act). Judge Blake did not revise Clay's 10-year period of supervised release.

Clay's Motion asks the court to terminate his supervised release based on the court's "inherent authority" to do so; he further contends that the court "should have" done so when Judge Blake modified his period of incarceration because "it is only fair and logical" that the court would proportionately adjust his period of supervised release along with his period of incarceration. (Motion at 2; emphasis in original.) Clay offers no other argument or basis for the Motion; however the court acknowledges that the heading on page 2 of the Motion avers that the court should grant the Motion because of his "good behavior while on supervised release." *Id.*

The court has reviewed all submissions of the party, the Second Superseding Indictment, the transcript of Clay's 2015 sentencing, Judge Blake's memorandum opinion and order at ECF Nos. 933 and 934 on Clay's motions (and supplements thereto) at ECF Nos. 873, 886, 904, and 918, and has considered all factors set forth at 18 U.S.C. 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), as set forth in 18 U.S.C. §3583(e).

While the court acknowledges Clay's efforts to comply with his conditions of supervised release thus far, the court is unpersuaded that his conduct and the interests of justice warrant termination (or shortening) of his supervised release. To begin, the court disagrees with Clay that Judge Blake should have downwardly modified his period of supervised release in her ruling on his previously filed motions based on the First Step Act, or fairness and logic, as he urges. Other than his conclusory assertions, Clay offers no persuasive or controlling legal authority to support his contention that the First Step Act calls for the court to have modified his supervised release when it modified his sentence; and the court is aware of none. Nothing in the language of the First Step Act can be reasonably construed to support Clay's argument.

Further, at Clay's sentencing, Judge Blake paid acute attention to the danger to public safety Clay presents, as well as her deep concern regarding his repeated serious conduct pertaining to heroin. Judge Blake was so disturbed by Clay's dangerous and criminal conduct that she expressly noted that Clay was an exception to her customary disagreement with the sentencing policy underpinnings in Career Offender cases. This court shares Judge Blake's opinion.

Finally, Clay's period of supervised release began on August 18, 2023 – scarcely more than one year ago. In the court's opinion, this is far too short a period of time for the court to develop durable confidence in Clay's capacity to live a lawful life. Nothing in the Motion or the record persuades that court that early termination of Defendant Clay's supervised release is warranted by his conduct or the interests of justice.

The Motion is, therefore, **DENIED**. Madam Clerk shall furnish Defendant Clay with a copy of this order.

/S/
Julie R. Rubin
United States District Judge

September 12, 2024